

# IN THE
# TENTH COURT OF APPEALS

---

**10-14-00355-CV**

WILLIAM M. WINDSOR,

Appellant

v.

SAM ROUND,

Appellee

**10-14-00392-CV**

WILLIAM M. WINDSOR,

Appellant

v.

SEAN D. FLEMING,

Appellee

**10-15-00069-CV**

WILLIAM M. WINDSOR,

Appellant

v.

KELLIE McDOUGALD,

Appellee

No. 10-15-00092-CV

WILLIAM WINDSOR,

                                                        Appellant

 v.

JOEYISALITTLEKID, ET AL,

                                                        Appellee

_____

From the 378th District Court
Ellis County, Texas
Trial Court No. 88611

# ORDER

There are currently four civil proceedings pending before this Court in which William Windsor is the appellant. In each proceeding, Windsor has filed a brief which on its face is grossly deficient from compliance with the rules of appellate procedure. The most glaring deficiency is that Windsor does not include "appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1 (i). He makes general references to the record without specific page numbers, or even volume numbers, thus requiring this Court to sift through a voluminous clerk's record for the document Windsor references. We are not required to sift through the record for support of Windsor's arguments. *See Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

Additionally, some issues are not supported by citations to authorities at all. TEX. R. APP. P. 38.1(i).

Windsor also includes an appendix with his brief containing a multitude of documents, many of which, if not all, are included in the clerk's record and cites to this appendix as authority rather than to the clerk's record. Windsor had previously been informed by order of the Court issued on September 3, 2015 that he could not use his own documents in lieu of a clerk's record. The appendix included with Windsor's brief evidences a conscious decision to ignore that order. This appendix was voluminous, unnecessary, and consumed an undue amount of time for this Court to process and file.

Furthermore, there are a number of potentially dispositive issues pending decision by the Court, including pending motions to dismiss by some of the appellees.

In light of these facts, the Court stays the briefing schedule for the appellees in each proceeding to potentially avoid the cost and burden of complying with the due dates for filing an appellee's brief. The appellees may file their brief in response if they choose to, but the due date for those briefs is hereby suspended until further order of the Court. This does not, however, prevent any party from filing any interim response to the briefs or motions regarding other relief sought, if any.

Finally, the Court is considering whether the briefs filed by Windsor should be stricken, as his previously improper briefs were, or whether it would be appropriate at this juncture, based on the history of this litigation, to dismiss the proceedings as a

sanction. Windsor is invited to respond to the Court's notice of its consideration of further sanctions against him. Upon Windsor's response, if any, other parties may reply to Windsor's response if they so choose.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Briefing schedule stayed
Order issued and filed October 15, 2015

